UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HATCHER, Inmate Booking No. 19705701,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SONIA MARTINEZ; LISA MINNICK; CASEY MONAHAN; MELISSA ZAVALA; OFFICER JENCEN; DREW GARRISON; JOSHUA BRISBANE,<br><br>　　　　　　　　Defendants. | Case No.: 3:19-cv-00614-WQH-AGS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, Robert Hatcher, currently housed at the San Diego Central Jail, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2).

**I.　　Motion to Proceed IFP**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," however, "face an

1

additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting

2

§ 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

## II. Application to Plaintiff

The Court has reviewed Plaintiff's Complaint, which contains allegations of discrimination by the Defendants against "Black Indians," in connection with a purchase or attempted purchase of shirts using clothing vouchers. (ECF No. 1 at 3). The Complaint does not contain "plausible allegations" which suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

This Court takes judicial notice that Plaintiff, while incarcerated, has brought at least three prior civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g); *see also Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]e hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

They are:

1) *Hatcher v. Aurthur, et al.*, Civil Case No. 3:18-cv-00491-LAB-KSC (S.D. Cal. Mar. 31, 2018) (denying motion to proceed IFP and dismissing civil action brought pursuant to § 1983, which sought to bring "criminal charges" against two Indiana residents and Michelle Obama, the First Lady of the United States, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)) (strike

3

one);

2) *Hatcher v. Monahan*, Civil Case No. 3:18-cv-00492-CAB-KSC (S.D. Cal. June 14, 2018) (dismissing civil action brought pursuant to § 1983 as failing to set forth factual allegations, failing to state an excessive force claim, and failing to prosecute in that no amended complaint was filed after the court granted leave to amend) (strike two); and

3) *Hatcher v. Dr. Blake, et al.*, Civil Case No. 3:18-cv-00561-MMA-MDD (S.D. Cal. July 17, 2018) (dismissing civil action brought pursuant to 28 U.S.C. § 1331 and *Bivens* as failing to set forth factual allegations; failing to state a claim against medical staff based on his "right to medical care," right to be free of "cruel and unusual punishment," and state court pleadings requesting the medical staff be held in contempt for discriminating against him as a Blackfoot Indian; and for failing to prosecute in that no amended complaint was filed after the court granted leave to amend) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" within the meaning of § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to proceed IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

### III. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) DENIES Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2) DISMISSES this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a).

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: April 10, 2019

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court